IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILIP EMIABATA,              )
                              )
         Plaintiff,           )
                              )
    v.                        )    1:17CV529
                              )
BB&T (BRANCH BANKING AND TRUST)
CO.) AND JACQUE DOLOTINA,     )
                              )
         Defendants.

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, Chief District Judge.

Plaintiff Philip Emiabata claims that following a banking transaction involving his wife, Defendants Branch Banking and Trust Company ("BB&T") and Jacque Dolotina, a BB&T bank teller, slandered, libeled, and put him in a false light by claiming to police that he threatened over the telephone to "shoot," rather than "sue," employees of the bank. In a previous order (Doc. 19), the court permitted Emiabata to amend his complaint to properly allege diversity jurisdiction. Emiabata has since done so. (Doc. 20.) The case returns to the court on BB&T's renewed motion to dismiss (Doc. 9), Dolotina's motion to dismiss (Doc. 27), and Emiabata's motion for leave to amend the complaint yet again (Doc. 32). The motions have been fully briefed and are ready for decision. (Docs. 10, 15,[1] 16, 18, 28, 33, 34, 35, 38, 39, 40, 41,

---

[1] Emiabata's references to 42 U.S.C. § 1983, the First and Thirteenth Amendments, the Bill of Rights, and the "Right to Personal Autonomy,"

42.)[2] For the reasons set forth below, BB&T's motion to dismiss will be granted in part and denied in part, Dolotina's motion to dismiss will be granted, and Emiabata's motion for leave to file an amended complaint will be denied.[3]

I.  BACKGROUND

At a BB&T bank branch in Round Rock, Texas, on June 6, 2016, a bank employee precluded Emiabata's wife, Sylvia, from

---

are frivolous. (Doc. 15 at 3.)

[2] Defendants note that Emiabata has filed a surreply (Doc. 39) without obtaining leave of the court to do so, in violation of this court's local rules, and argues that this filing should be disregarded. (Doc. 40.) Emiabata subsequently filed the same document again, without any explanation as to why the court should consider it. (Doc. 42.) While "the local rules do not expressly prohibit surreplies, "[a] surreply is not generally allowed under this district's Local Rules." Pathfinder Software, LLC v. Core Cashless, LLC, 127 F. Supp. 3d 531, 537 (M.D.N.C. 2015) (citing Luna-Reyes v. RFI Constr., LLC, 57 F. Supp. 3d 495, 498 (M.D.N.C 2014.) "Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply." Fulk v. Norfolk S. Ry. Co., 35 F. Supp. 3d 749, 751 n.1 (M.D.N.C. 2014) (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)). Absent a new argument, "a surreply is unnecessary." Adefila v. Select Specialty Hosp., 28 F. Supp. 3d 517, 522 n.3 (M.D.N.C. 2014). Here, Defendants did not raise any new argument in their reply, so the surreplies are unnecessary and will not be considered. However, the court notes that it discerns nothing in the surreplies that would alter the court's ruling. (Docs. 39, 42). Relatedly, Emiabata contends that Defendants' response to his motion to amend is untimely and should be disregarded. (Doc. 41 at 2.) Emiabata is incorrect, and his request will be denied.

[3] Emiabata has also submitted affidavits from his wife and himself (Docs. 36, 37) and requests that the court convert the current motion into one for summary judgment (Doc. 39 at 3–5). Having reviewed the affidavits, the court declines Emiabata's invitation, as it is premature and the affidavits would not permit the court to rationally decide the case. Williford v. Seber, No. 2:15CV324, 2016 WL 4249495, at *2 (E.D. Va. Aug. 8, 2016) ("In order to properly convert a motion to dismiss to a motion for summary judgment, the extrinsic material, such as affidavits must provide the court with an ability to make a complete and rational determination of the case.").

withdrawing funds from her account because it had been flagged for fraud. (Doc. 2 at 7–8.)[4] Sylvia called Emiabata to explain the situation. (Id.) When the phone was on "loudspeaker," Emiabata told Dolotina he "might have a legal action and that [he] might sue the bank for damages." (Id. at 8.) Dolotina called the police, claiming that she heard Emiabata say he would "come to the bank and Shoot the bank." (Id. at 7.)[5] As a result, BB&T wrote Emiabata a letter that banned him from the bank, and Emiabata was subjected to a criminal investigation. (Id. at 7–8.)

**II. ANALYSIS**

Emiabata proceeds pro se. "When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258 (4th Cir. 1997) (citations omitted) (unpublished

---

[4] Dolotina allegedly gave various "different stories" for why his wife was not able to withdraw money from their account, including: (1) there was fraudulent activity, (2) the account was closed, and (3) there was a hold on the account that had not yet expired. (Doc. 2 at 8.)

[5] Emiabata notes that he has an accent but contends it could not have accounted for a misunderstanding of what he said. (Doc. 2 at 8.)

table decision). However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F.Supp.2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented party. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). A Rule 12(b)(6) motion to dismiss "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir.2009) (internal citations omitted).

### A. Service and Jurisdictional Defects as to Dolotina

The court finds that none of the claims against Dolotina can survive the motions to dismiss. In an affidavit accompanying her motion to dismiss, Dolotina states that she was never served the summons or the complaint. (Doc. 27; Doc. 27-1.) While Emiabata claims that Dolotina has been served on "three separate and acceptable" occasions, he has provided no evidence of this service to the court. (Doc. 34 at 6.) Instead, Emiabata has attempted to mail the complaint and summons to the addresses of homes or business with which Dolotina is no longer associated. (Id. at 6–9.) This does not constitute proper service under the Federal Rules of Civil Procedure or under North Carolina law. As such, Emiabata did not properly serve Dolotina, and the claims against her should be dismissed.

Further, Dolotina contends that this court does not have personal jurisdiction over her. She is correct. Jurisdiction may be general or specific. In short, if the party maintains "continuous and systematic" contacts with a state, the forum state has general personal jurisdiction over it, and the nonresident may be sued on any claim in that state. See Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 445–46 (1952). But where continuous and systematic contacts are absent, a court may assert specific personal jurisdiction over a defendant for any dispute arising from the defendant's contact with the forum state. See

Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414 n.8 (1984). Specific personal jurisdiction "requires only that the relevant conduct have such a connection with the forum state that it is fair for the defendant to defend itself in that state." CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 292 n.15 (4th Cir. 2009).

Here, the court need not engage in an extended analysis, because Dolotina is a citizen of Arizona, her only connection to North Carolina is that she may have driven through this state "several decades ago" when she lived in Georgia, and this case does not involve any action involving her that took place in North Carolina. (Doc. 27-1 ¶ 3.) As such, there are insufficient contacts between North Carolina and Dolotina for this court to have personal jurisdiction over her, and her claim is dismissed on this ground as well. Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189-92 (4th Cir. 2016) (affirming a district court's dismissal for lack of personal jurisdiction where the district court held that there were insufficient facts to establish that the defendant had the requisite minimum contacts with the forum state).

**B. Claims of False Light**

BB&T moves to dismiss Emiabata's claims that the Defendants put him in a false light. Given that the harm is alleged to have occurred in Texas, the lex loci rule dictates that Texas law apply. Sanatana, Inc. v. Levi Strauss and Co., 674 F.2d 269 (4th Cir.

6

1982) (discussing the lex loci rule for torts). Texas law does not recognized a cause of action for false light. Therefore, this claim fails and must be dismissed. Cain v. Hearst Corp., 878 S.W.2d 577, 578 (Tex. 1994).

**C.  Claims of Libel and Slander**

BB&T next moves to dismiss Emiabata's claims for libel and slander, based on BB&T's communication with police and its letter to Emiabata banning him from access to the bank. The elements for libel and slander are the same in Texas; it is the manner of communication that differs. Neyland v. Thompson, No. 03-13-00643-CV, 2015 WL 1612155, at *5 (Tex. App. Apr. 7, 2015) (noting that libel is defamation expressed in written or graphic form while slander is defamation in the spoken form)). These elements are "the defendant (1) published a statement, (2) that was defamatory concerning the plaintiff, (3) while acting with either malice, if the plaintiff was a public official, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." Id. Whether a statement is defamatory is a question of law, and a statement is defamatory when "in light of the surrounding circumstances, a person of ordinary intelligence would interpret it in a way that tends to injure the subject's reputation and thereby expose the subject to public hatred, contempt, or ridicule, or financial injury, or to impeach the subject's honesty, integrity, or virtue." Id. Publication must include sharing the

statement with a third party, and negligent conduct is "determined by asking 'whether the defendant acted reasonably in checking the truth or falsity or defamatory character of the communication before publishing it. Id. at *8; In re Lipsky, 460 S.W.3d 579, 593 (Tex. 2015). Lastly, a plaintiff must plead and prove damages, unless the statements are defamatory per se, meaning that they are so obviously harmful that general damages may be presumed. In re Lipsky, 460 S.W.3d at 593. A statement will typically be classified as defamatory per se if it "charges a person with the commission of a crime, dishonesty, fraud, rascality, or general depravity." Neyland, 2015 WL 1612155, at *5.

The libel claim fails because there is no allegation that the letter on which Emiabata bases his libel claim was published to a third party. It appears to simply have been mailed to Emiabata's home address. (Doc. 27-1 at 2.) Further, this letter does not include a defamatory statement – it merely informed Emiabata that his "conduct [fell] outside the bounds of acceptable behavior" and that he is "prohibited from entering the premises of any Branch Banking and Trust Company facility." (Id.) Given these deficiencies, the libel claim fails.

In contrast, Emiabata's slander claim is based on Dolotina's statements to the police that Emiabata had threatened to come to the bank and "shoot" – rather than "sue," as Emiabata claims – the employees there. Emiabata alleges that Dolotina "knew or should

have known" that he had not threatened to shoot the bank at the time that she called the police and informed them that he had made the threat, meaning that Emiabata has alleged that Dolotina either lied or acted negligently. (Doc. 15 at 5.) The publication element is also present — Dolotina called the police about the alleged threat, and Dolotina mentioned the incident to others in the BB&T office. Lastly, Dolotina's statements to the police, if untrue, were defamatory. She accused Emiabata of threatening to commit a crime of violence, and this accusation led to a criminal investigation of Emiabata. Thus, Emiabata's slander claim is sufficiently stated to survive the present motion.

### D. Request for Punitive Damages

Emiabata seeks recovery of punitive damages. For reasons similar to those noted above, the court finds Emiabata's request for punitive damages survives the present motion.

Under Texas law, punitive damages are referred to as exemplary damages and can be awarded only if the plaintiff proves that the harm results from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003. Emiabata claims that Dolotina lied when she told police that Emiabata said he was going to come and shoot the employees at the bank. (Doc. 2 at 7.) He also claims that Dolotina acted with malice when she made that statement to the police. (Id.) Such an allegation is plausible if Dolotina lied. These allegations are therefore sufficient to survive the

9

present motion. Whether they stand up is a matter or proof for a later day.

**E. Emiabata's Motion to Amend Complaint**

Emiabata moves to amend his complaint to add several claims. (Doc. 32.) Defendants oppose the motion on grounds of futility.

Leave to amend is governed by Federal Rule of Civil Procedure 15. Emiabata's amended complaint can be amended again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Leave to amend will be denied only if (1) the amendment would prejudice the opposing party, (2) there is bad faith on the part of the moving party, or (3) the amendment would be futile. Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc); see Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011) (noting that although district courts should freely grant leave to amend a complaint, a court may deny leave when an amendment would be futile, i.e., when it fails to state a claim); Equal Rights Center v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (noting that a district court need not approve an amendment where doing so would be prejudicial to the opposing party, is the result of bad faith, or would be futile).

While leave may be freely granted, this district's local rules require that a separate motion for leave be filed and a proposed

amended pleading be attached to the motion.  L.R. 15.1.  The purpose is to avoid having cases thrust into limbo on such generalized requests that may later prove unsupported.  <u>Robinson v. Pepsi Bottling Grp.</u>, No. 1:13CV729, 2014 WL 2048127, at *4 (M.D.N.C. May 19, 2014).  It lies within the court's discretion to deny a motion for leave to amend where the moving party fails to comply with Local Rule 15.1.  <u>See</u> <u>U.S. ex rel. Rostholder v. Omnicare, Inc.</u>, 745 F.3d 694, 703 (4th Cir. 2014).

Here, Emiabata has failed to provide a proposed amended complaint with his motion.  On this basis alone, his motion is denied.  But in deference to Emiabata's pro se status and to ward off further unnecessary motion practice, the court also concludes that each of the proposed amendments fails on the merits.

In his motion for leave to amend and proposed amended complaint, Emiabata seeks to "add Dolotina a Joinder of Parties." (Doc. 32 at 2.)  However, Dolotina is already a party to this suit, and Emiabata has already amended his complaint to allege that she is a citizen of Arizona.  In light of the court's ruling as to Dolotina, Emiabata's attempt to add her is futile and will denied.

Emiabata also seeks to add several new causes of action. These are: defamation per se; negligence; breach of contract; and "vicarious liability, respondeat superior, ostensible agency and/or agency."  None states a claim for relief, and Emiabata's request to amend will be denied as futile.

First, defamation per se is not a cause of action under Texas law, but an element of defamation that deals with the types of damages that a plaintiff is entitled to recover. Hancock v. Variyam, 400 S.W.3d 59, 63—65 (Tex. 2013). Thus, Emiabata's attempt to amend his complaint in this regard would be futile.

Second, in Emiabata's proposed negligence claim, the breach of duty that he alleges is the same conduct that gives rise to his slander and libel claims. (Doc. 32 at 5.) Thus, it is the same claim as his defamation claims, despite the fact that he calls it a negligence claim. Because his complaint already includes a defamation claim, the court will not permit him to add the requested "negligence" claim. See generally, Grost v. United States, No. EP-13-CV-158-KC, 2014 WL 1783947, at *6 (W.D. Tex. May 5, 2014); Talbert v. United States, 932 F.2d 1064, 1066 (4th Cir. 1991); Ross v. Gallant, Farrow & Co., P.C., 27 Ariz. App. 89, 92, 551 P.2d 79, 82 (1976) ("The claim of negligence here is subsumed by the claim of libel.").

Third, Emiabata seeks to bring a breach of contract claim. Yet, he has included no information about the terms of a valid contract or any information about its breach.[6] As a result, such a claim is not plausibly alleged, and it would be futile to permit

---

[6] Emiabata does claim that he has a contract with BB&T regarding his account with the bank. (Doc. 32 at 5.) However, without any further information, this allegation is insufficient to state a claim for breach of contract.

its addition. Emiabata's request to do so is denied. Paragon Gen. Contractors, Inc. v. Larco Const., Inc., 227 S.W.3d 876, 882 (Tex. App. 2007) (noting that the elements in a breach of contract claim are "(1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach").

Last, while Emiabata seeks to add a claim of vicarious liability, "[v]icarious liability is not a stand-alone cause of action. It is a derivative method of assigning liability to a party." Bond v. Rexel, Inc., No. 5:09-CV-122, 2011 WL 1578502, at *9 (W.D.N.C. Apr. 26, 2011) (internal quotation marks omitted); Warren v. Bank of Am., N.A., No. 3:16-CV-1373-M-BN, 2017 WL 728260, at *1 (N.D. Tex. Feb. 23, 2017), aff'd, 717 F. App'x 474 (5th Cir. 2018). Thus, Emiabata's attempt to add a claim for vicarious liability must been denied.

In sum, it would be either futile or duplicative for Emiabata to add each of his proposed claims, and his motion for leave to file an amended complaint is denied.[7]

## III. CONCLUSION

For the reasons stated,

---

[7] Emiabata's responsive brief makes reference to a host of other possible constitutional and vaguely-worded claims. (Doc. 15.) They are frivolous but will not be considered further because they are not part of the motion to amend. L.R. 15.1.

13

IT IS THEREFORE ORDERED that BB&T's motion for failure to state a claim (Doc. 9) is GRANTED in part and DENIED in part, in that Emiabata's false light and libel claims are DISMISSED, but the motion to dismiss the slander claim is DENIED.

IT IS FURTHER ORDERED that Dolotina's motion to dismiss (Doc. 27) is GRANTED, and Emiabata's claims against her are DISMISSED WITHOUT PREJUDICE.[8]

IT IS FURTHER ORDERED that Emiabata's motion for leave to file an amended complaint (Doc. 32) is DENIED.

                                                    /s/   Thomas D. Schroeder
                                          United States District Judge

July 31, 2018

---

[8] Emiabata offers no reason why Dolotina should not also benefit from the dismissal of the false light and libel claims, should she ever be properly served in a proper jurisdiction.